**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**NANCY SANTIAGO OTERO,**
**Plaintiff**

v.                      **CIVIL NO. 05-1390(DRD)**

**RAMON QUIRINDONGO**
**ECHEVARRIA, et al.,**
**Defendants**

## ORDER FOR DISMISSAL

Pending before the Court is the defendants' *Motion to Dismiss* (Docket No. 4) moving the Court to dismiss plaintiff's claims due to that there is no proprietary right over the tasks performed by a career employee in his/her employment hence no due process had to be afforded to defendant prior to a change in her workload. Consequently, plaintiff does not have an adverse employment action as a result of having the duties previously performed by her changed.

It is well known that "[u]nder Puerto Rico law, public employees have a property interest in their continued employment, not in their functions they perform". Ruiz Casillas v. Camacho Morales, 415 F.3d. 127, (1st Cir.) 2005 WL 1530796 (June 30, 2005)(*citing* Rosado de Velez v. Zayas, 328 F.Supp.2d 202, 212 (D.P.R. 2004); Consejo de Educacion Superior de la U.P.R. v. Rossello Gonzalez, 137 D.P.R. 83, 110 (1994)). Further, even under a Rule 12(b)(6) motion to dismiss, plaintiff's allegations as to political discrimination fail to meet the threshold to survive said dispositive motion. The allegations in the complaint fail to establish a prima facie case of political discrimination inasmuch plaintiff has not stated that the change in workload resulted from its political affiliation which in turn, was the substantial or motivating factor behind the challenged adverse employment action. Mt. Health City Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568 (1977). Further, the complaint as redacted precludes a reasonable fact finder to conclude that the challenged personnel action stemmed from a politically based discriminatory animus. LaRou v. Ridlon, 98 F.3d 659, 661 (1st Cir. 1996)(citations omitted). Finally, plaintiff have also failed to allege that her supervisor knew or should have known her political affiliation. Gonzalez de Blasini v. Family Department, 377 F.3d 81, 85-86 (1st Cir. 2004). In sum, plaintiff have failed to make a fact specific showing that a causal connection exists between the adverse employment action and her political affiliation. Aviles Martinez v. Monroig, 963 F.3d 2, 5 (1st Cir. 1992).

Therefore, since plaintiff does not have a proprietary interest over the tasks performed and no due process violation may be alleged as a result of changing her duties, the Court hereby **GRANTS** defendants' *Motion to Dismiss* (Docket No. 4) and the Court **DISMISSED** plaintiffs due process claims against the defendants **WITH PREJUDICE**. However, plaintiff's First Amendment claims are hereby **DISMISSED** against the defendants **WITHOUT PREJUDICE**. **Judgment shall be entered accordingly. The Clerk of Court is INSTRUCTED to notify this Order and its corresponding judgment to plaintiff's address of record. THIS CASE IS CLOSED FOR ALL STATISTICAL PURPOSES.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 16th day of August 2005.

                                               **S/DANIEL R. DOMINGUEZ**
                                               **DANIEL R. DOMINGUEZ**
                                               **U.S. DISTRICT JUDGE**